1  LEONARDO M. RAPADAS
   United States Attorney
2  MARIVIC P. DAVID
   Assistant U.S. Attorney
3  Suite 500, Sirena Plaza.
   108 Hernan Cortez Ave.
4  Hagåtña, Guam 96910
   PHONE: 472-7332
5  FAX: 472-7334

6  Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
OCT -5 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAGISTRATE CASE NO. 06-00024 |
| Plaintiff, | ) | |
| vs. | ) | PETITION FOR WRIT OF REMOVAL |
| HELMI SOEDIRDJA, | ) | |
| Defendant. | ) | |

Petitioner, United States Attorney for the District of Guam, respectfully shows this Court that:

On October 3, 2006, an Indictment was filed in the United States District Court for the District of Maryland, against the Defendant HELMI SOEDIRDJA, under Criminal Case No. CCB-06-00439. The Defendant was charged with Conspiracy to Export Arms & Munitions in violation of 18 U.S.C. § 371 and 22 U.S.C. § 2278; Money Laundering in violation of 18 U.S.C. § 1956(a)(2)(A) and 18 U.S.C. § 2; and Attempted Export of Arms and Munitions in violation of 22 U.S.C. §§ 2778 (b)(2) and 2778 (c), and 22 CFR §§ 121.1, 121.4, 123.1, 127.1(a), 126.1 et seq., 127.1(c) and 127.3. See Exhibit A. Subsequently, the United States District Court for the District of Maryland issued a Warrant for Arrest of Defendant. See Exhibit B. The Defendant was later arrested by a Special Agent of the U.S. Immigration and Customs Enforcement.

WHEREFORE, petitioner prays this Court to issue a Warrant of Removal pursuant to Fed.R.Crim.P. 5(c) for said Defendant to be removed from the District of Guam to the District of Maryland.

Dated this  5th  day of October, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

-2-

MH
10-1-06

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

OCT 03 2006

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. CCB-06-439 |
| | : |
| HAJI SUBANDI | : |
| REINHARD RUSLI and | : |
| HELMI SOEDIRDJA | : |
| | : Conspiracy to Export Arms |
| | : and Munitions, 18 U.S.C. |
| | : §371 and 22 U.S.C. |
| | : §2778; Attempted Export of |
| | : Arms and Munitions, 18 |
| | : U.S.C. §2778 (b)(2) and (C); |
| | : Money Laundering, 18 |
| | : U.S.C. §1956(a)(2)(A); |
| | : Aiding and |
| | : Abetting 18 U.S.C.§2) |

...oooOooo...

## INDICTMENT

The Grand Jury for the District of Maryland charges that:

### Preliminary Allegations

1. At all times relevant to this Indictment:

   a) ITT Industries was a business incorporated in the United States with offices at Roanoke, Virginia. Among other things, ITT Industries and its subsidiaries develop and manufacture night vision technology, including the Monocular Night Vision Device (MNVD), Model AN/PVS-14 and Model PVS-7 for use by the United States military.

   b) EOTech is a business incorporated in the United States with offices at Ann Arbor, Michigan. Among other things,

GOVERNMENT EXHIBIT A

EOTech and its subsidiaries design, manufacture and market electro-optic products and systems, including the EOTech Holographic Weapons Sight, Model M-552.

        c) **HAJI SUBANDI, REINHARD RUSLI** and **HELMI SOEDIRDJA** are citizens of the Republic of Indonesia.

        d) United States Immigration and Customs Enforcement was operating an undercover business within the State of Maryland.

### The Export and Import of Defense Articles

2. The export from, and import into, the United States of arms, munitions, equipment for military use, and related components, and the technology to build such items, is strictly controlled by statutes and regulations.

3. The Arms Export Control Act authorizes the President of the United States to control the import and export of defense articles and services in furtherance of world peace, security and foreign policy of the United States. It authorizes the Secretary of State to make decisions on whether license applications or other written requests for the import or export of defense articles and services should be permitted. (61 FR 48831, September 17, 1996)

4. The Arms Export Control Act, Title 22, United States Code, Section 2778, and the International Traffic in Arms Regulations (the ITAR), Title 22, Code of Federal Regulations, Part 120, authorize the United States Department of State's Directorate of Defense Trade Controls ("the DDTC") to establish the United

States Munitions List ("the Munitions List") to regulate the import and export of defense articles and services.

5. The Munitions List is a catalog of designated "defense articles" which are subject to certain export and import restrictions. Any person who intends to export, or import temporarily, defense articles on the Munitions List from or into the United States is first required to obtain a license from the DDTC. An applicant for an export or temporary import license from the Department of State must identify in the required license application the ultimate and final destination of the goods, which in the trade is referred to as the "end user."

6. Included on the Munitions List are assorted classifications of conventional weapons and night vision devices.

7. At all times material to the Indictment herein, the Monocular Night Vision Device (MNVD), Models AN/PVS-14 and PVS-7 and the EOTech Holographic Weapons Sight, Model M-552 were defense articles on the Munitions List, which required licenses from the United States Department of State's Directorate of Defense Trade Controls, before they could be temporarily imported into or exported from the United States.

8. The export of any Munitions List item to customers in the Republic of Indonesia requires a license from the DDTC.

## HAJI SUBANDI

9. **HAJI SUBANDI** is an Indonesian citizen who corresponded regularly with the undercover business in an effort to secure military use equipment and technology from businesses located

3

within the United States. Between March 2004 and August 2006, **SUBANDI**, on numerous occasions, requested from the undercover business, via electronic mail and telephone facsimile, price quotations and technical specifications for items suitable for military use, including items listed on the United States Munitions List. These items included night vision goggles, special forces weaponry and equipment, communication devices, spare parts for helicopters and military aircraft, sonar technology, unmanned aerial vehicles as well as conventional arms and munitions. The "end users" of these items were located in such countries as the Republic of Indonesia and the Democratic Socialist Republic of Sri Lanka.

10. In communicating with the undercover business, **HAJI SUBANDI** expressed his willingness to dispense with and to subvert the licensing requirements of the United States Department of State for the export of items contained on the Munitions List. **SUBANDI** also expressed his desire to conduct arms transfers "by the back door" and that he was willing to assumes the risks of such conduct, even if it meant going to jail.

## COUNT I

### The Conspiracy to Violate the Arms Export Control Act

11. From in or about July of 2006 through the date of this Indictment, in the District of Maryland, the United States Territory of Guam, the Republic of Indonesia and elsewhere,

**HAJI SUBANDI, REINHARD RUSLI and
HELMI SOEDIRDJA**

the defendants herein, did knowingly and willfully combine, conspire, confederate and agree with each other, and with others, known and unknown to the Grand Jury, to willfully export and cause to be exported from the United States to the Republic of Indonesia, defense articles listed on the United States Munitions List, without having first obtained from the Department of State, Directorate of Defense Trade Controls, a license or other written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) and (c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1(a), 127.1(d) and 127.3.

### The Object of the Conspiracy

12. It was an object of the conspiracy to export from the United States state-of-the-art night vision goggles and other Munitions List items to customers located outside the United States without obtaining the appropriate license from the United States Department of State, Directorate of Defense Trade Controls, in violation of the Arms Export Control Act.

5

## The Manner and Means of the Conspiracy

13. It was part of the conspiracy for the defendants to act as brokers and middlemen between manufacturers and distributors of technology produced for military use and to military specifications, and purchasers of such technology. The purchasers, or "end users," of this technology were individuals and/or entities located within the Republic of Indonesia and elsewhere.

14. It was further part of the conspiracy that **HAJI SUBANDI, REINHARD RUSLI, HELMI SOEDIRDJA** and other unindicted co-conspirators, made extensive use of telephones, telephone facsimiles and electronic mail to seek price quotes for items parts and equipment suitable for military applications, including Munitions List items, and to negotiate for the acquisition of such items for eventual delivery to customers in the Republic of Indonesia.

## Overt Acts

15. In furtherance of the conspiracy and to effect its unlawful purpose, defendants **HAJI SUBANDI, REINHARD RUSLI, HELMI SOEDIRDJA** and others committed and caused to be committed the following acts in the District of Maryland, and elsewhere, among others:

a) On or about July 21, 2006, **HAJI SUBANDI** contacted the undercover business via electronic mail and inquired about a sale of certain night vision technology to potential customers in the Republic of Indonesia.

b) On or about August 3, 2006, **HAJI SUBANDI** placed an order with the undercover business to purchase a Monocular Night Vision Device (MNVD), Model AN/PVS-14 and a EOTech Holographic Weapons Sight, Model M-552 for a total price of approximately $2,950. This purchase was intended as a sample for a larger order for the same or similar devices to be consummated in the future.

c) On or about August 3, 2006, **HAJI SUBANDI** contacted the undercover business via electronic mail and stated that an individual named 'Reinhard' had contacts within the Indonesian military and would be assisting in the sale of the night vision devices.

d) On or about August 31, 2006, **HAJI SUBANDI** sent a wire transfer in the amount of $2,950, more or less, to a bank account maintained by the undercover business in Maryland from a bank in the Republic of Indonesia as payment for the sample night vision devices.

e) On or about September 21, 2006, **HAJI SUBANDI, REINHARD RUSLI, HELMI SOEDIRDJA** arrived in the United States Territory of Guam to meet with undercover officers for the purpose of taking delivery of certain night vision devices and to discuss the future acquisition of other Munitions List items, to be exported from the United States without licenses as required by DDTC.

f) On or about September 22, 2006, **HAJI SUBANDI** met with undercover officers in Guam and discussed the delivery of the aforementioned night vision devices. **SUBANDI** described **REINHARD**

7

RUSLI and **HELMI SOEDIRDJA** as being financial partners who were providing the monetary backing for both the current transaction as well as future deals involving the unlicensed export of Munitions List items.

g) On September 23, 2006, **HAJI SUBANDI, REINHARD RUSLI, HELMI SOEDIRDJA** met with undercover officers in Guam and discussed the delivery of the sample Monocular Night Vision Device (MNVD), Model AN/PVS-14 and the EOTech Holographic Weapons Sight, Model M-552. **SUBANDI, RUSLI** and **SOEDIRDJA** asked to examine the devices as well as other sample night vision equipment which are controlled by the Munitions List. **SUBANDI, RUSLI** and **SOEDIRDJA** verbally acknowledged that each understood that the proposed transaction was illegal and stated their intent to participate in this and future transactions by affirmatively stating, in substance and in part, that each 'was in.' **SUBANDI, RUSLI** and **SOEDIRDJA** also discussed with undercover officers the safest method of smuggling the devices out of the country through the international airport at Guam.

h) On September 24, 2006 **HAJI SUBANDI, REINHARD RUSLI,** and **HELMI SOEDIRDJA** again met with undercover officers in Guam and took possession of a Monocular Night Vision Device (MNVD), Models AN/PVS-14 and PVS-7 and the EOTech Holographic Weapons Sight, Model M-552. **SUBANDI, RUSLI** and **SOEDIRDJA** also agreed to

wire transfer into the undercover bank account in Maryland additional funds as further payment for the devices.

i) On or about September 24, 2006 **REINHARD RUSLI** and **HELMI SOEDIRDJA** placed the Monocular Night Vision Device (MNVD), Models AN/PVS-14 and PVS-7 and the EOTech Holographic Weapons Sight, Model M-552 in luggage which they then transported to the airport at Guam. They `checked' said luggage with Continental Airlines for a flight destined for Indonesia, and on which they were manifested as passengers.

18 U.S.C. Section 371

22 U.S.C. Section 2778

## COUNT II

The Grand Jury for the District of Maryland further charges that:

1. The Grand Jury for the District of Maryland incorporates Paragraphs 1 through 10 as alleged in Count I as if fully set out herein.

2. On or about August 31, 2006, in the District of Maryland, the Republic of Indonesia and elsewhere, the defendants,

        **HAJI SUBANDI, REINHARD RUSLI and**
        **HELMI SOEDIRDJA**

did knowingly and willfully transmit and transfer funds, that is $2,950.00, more or less, from a place outside the United States, that is, the Republic of Indonesia, to a place in the United States, that is Baltimore, Maryland, with the intent to promote the carrying on of specified unlawful activity, that is the unauthorized acquisition of articles controlled on the United States Munitions List, established under Section 38 of the Arms Export Control Act.(22 U.S.C. § 2778).

18 U.S.C. Section 1956(a)(2)(A)
18 U.S.C. Section 2

Case 1:06-mj-00024   Document 1   Filed 10/05/2006   Page 12 of 15

## COUNT III

The Grand Jury for the District of Maryland further charges that:

1. The Grand Jury for the District of Maryland incorporates Paragraphs 1 through 10 as alleged in Count I as if fully set out herein.

2. On or about September 24, 2006, in the District of Maryland, the United States Territory of Guam, and elsewhere, the defendants,

**HAJI SUBANDI, REINHARD RUSLI and
HELMI SOEDIRDJA**

did knowingly and willfully attempt to export from the United States, to the Republic of Indonesia, a quantity of defense articles, that is, Monocular Night Vision Device (MNVD), Models AN/PVS-14 and PVS-7 and the EOTech Holographic Weapons Sight, Model M-552, which are designated as defense articles on the United States Munitions List, without having first obtained from the Department of State a license for such export or written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121.1, 121.4, 123.1, 127.1(a), 127.1(c) and 127.3.

18 U.S.C. Section 2
22 U.S.C. Sections 2778(b)(2) and (c)
22 C.F.R. Sections 121.1, 121.4
22 C.F.R. Section 123.1
22 C.F.R. Sections 126.1 et seq.
22 C.F.R. Sections 127.1(a) and (c)
22 C.F.R. Section 127.3

11

TRUE BILL:

_____
Rod J. Rosenstein
United States Attorney

_____  __10/3/06__
Foreperson              Date

I hereby attest and certify October 3, 2006
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody.
FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
By _____ Deputy

# United States District Court
# District of Maryland

UNITED STATES OF AMERICA

**WARRANT FOR ARREST**

v.

HELMI SOEDIRDJA

Case No. CCB-06-0439

TO:   The United States Marshal and any
      Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest __HELMI SOEDIRDJA__

*Name*

and bring him/her forthwith to the nearest magistrate judge to answer a(n)

[X] Indictment   [ ] Information   [ ] Complaint   [ ] Order of Court   [ ] Violation Notice   [ ] Probation Violation Petition

charging him or her with *(brief description of offense)*: Conspiracy to Export Arms & Munitions; Attempted Export of Arms & Munitions; Money Laundering; Aiding & Abetting

in violation of Title __1 8 & 22__ United States Code, Section(s) __371, 2339B(a)(1), 1956(a)(2)(A), 2 & 2778__

__Felicia C. Cannon__
Name of Issuing Officer

__Clerk, U.S. District Court__
Title of Issuing Officer

*/s/ Agnes M. Finney*
(By) Deputy Clerk

__October 3, 2006     Baltimore, MD__
Date and Location

Bail fixed at $ __NONE RECOMMENDED__

by __James K. Bredar, Judge, U.S. District Court__
Name of Judicial Officer

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at _____

| Date Received | Name and Title of Arresting Officer | Signature of Arresting Officer |
|---|---|---|
| Date of Arrest | | |

U.S. DISTRICT COURT (Rev. 12/1999) - Bench Warrant


GOVERNMENT EXHIBIT B